The **INSTITUTE FOR the DEVELOP-MENT OF EARTH AWARE-NESS, Plaintiff,**

v.

**PEOPLE FOR the ETHICAL TREATMENT OF ANIMALS, Defendant,**

**People for the Ethical Treatment of Animals, Counterclaim–Plaintiff,**

v.

**The Institute for the Development of Earth Awareness and Marjorie Spiegel, Counterclaim–Defendants.**

**No. 08 Civ. 6195(PKC).**

United States District Court, S.D. New York.

Jan. 3, 2011.

David Leichtman, Hillel Ira Parness, Oren Dov Langer, Robins, Kaplan, Miller & Ciresi, LLP, New York, NY, for Plaintiff.

Roger L. Zissu, Jason Douglas Jones, Fross Zelnick Lehrman & Zissu, P.C., New York, NY, Philip Jay Hirschkop, Hirschkop & Associates, P.C., Alexandria, VA, for Defendant.

## MEMORANDUM AND ORDER

P. KEVIN CASTEL, District Judge:

Contentious discovery disputes between the parties have continued unabated. On this round, plaintiff The Institute for the Development of Earth Awareness ("IDEA") asserts that it is entitled to production of drafts of two affidavits and other materials exchanged between counsel and two non-party affiants. Defendant People for the Ethical Treatment of Animals ("PETA") asserts attorney work product protection for all such material. Rule 26(b)(3), Fed.R.Civ.P.; *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). IDEA asserts that any such protection was waived by the service and filing of the final executed version of the affidavit. In essence, IDEA seeks discovery of the evolution of the affidavits.

The existence of a non-party witness may be discoverable through Rule 26(a)(1)(A), Fed.R.Civ.P., or interrogatories. Here the two affiants, Alice Walker and Laura Amazzone, were disclosed in IDEA's Rule 26(a)(1) statement and also either in PETA's Rule 26(a)(1) initial statement or supplemental statement. Counsel for each side was free to privately interview the witnesses or notice their depositions.

A lawyer's notes of an interview of a non-party witness is classic work product and may contain both facts and mental impressions of the lawyer. Rule 26(b)(3)(A) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney. . . ." A Court may order production of work product falling within Rule 26(b)(3)

upon a showing of substantial need. Documents that reflect the "mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation" fall outside the substantial need exception. Rule 26(b)(3)(B).

An affidavit for use on a summary judgment motion is required to contain facts that would be admissible at trial. Rule 56(e), Fed.R.Civ.P. Undisputedly, these affidavits were drafted for possible use on a summary judgment motion. Here, the executed affidavits of non-party witnesses remained work product until the lawyer elected to serve and file them. Until the moment of service and filing, the lawyer reserves the right to reverse course and refrain from using the affidavits. The lawyer's drafts, which have not been adopted or executed by the non-party witness, do not lose their character as work product because a final executed version has been affirmatively used in the litigation. In this case, to the extent that drafts contained facts or supposed facts which PETA's lawyer elected to include in an earlier draft but decided not to include in the version which was served and filed, IDEA has made no showing of substantial need; this is because the witnesses have been available to be examined at deposition and no other special circumstance exist. IDEA elected not to take the depositions of these witnesses during the discovery period. To the extent that drafts reflect theories once held by PETA's counsel or strategies considered by counsel and abandoned, they are immune under Rule 26(b)(3)(B). *See Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya,* 248 F.R.D. 126, 155 (S.D.N.Y.2007).[1] *See also* Wright & Miller, Federal Practice & Procedure § 2024 n. 23 ("Recent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work—product rule.") (citing *Randleman v. Fidelity Nat'l Title Insur. Co.,* 251 F.R.D. 281, 284–86 (N.D.Ohio 2008).)

IDEA's motion to compel is denied.

---

1. I respectfully disagree with *Sequa Corp. v. Gelmin,* 91 Civ. 8675(CSH), 1993 WL 276081 (S.D.N.Y. July 16, 1993) (Memorandum and Order of Magistrate Judge).